**William TOSTE, Petitioner–Appellant,**

v.

**Raymond M. LOPES, Respondent–Appellee.**

**No. 285, Docket 88–2124.**

United States Court of Appeals, Second Circuit.

Argued Nov. 2, 1988.

Decided Nov. 17, 1988.

Robert E. Precht, New York City (The Legal Aid Soc., Federal Defender Services Unit), for petitioner-appellant.

Julia DiCocco Dewey, Asst. State's Atty., Wallingford, Conn. (Appellate Unit, Office of the Chief State's Atty., Div. of Criminal Justice), for respondent-appellee.

Before KAUFMAN, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

William Toste appeals from Judge Cabranes's order denying his petition for a writ of *habeas corpus.* Toste was convicted of murder by a jury in the Superior Court, Judicial District of Fairfield, Connecticut on May 8, 1981. He was sentenced to a term of no less than twenty-five years nor more than life. The Connecticut Supreme Court affirmed on appeal. *State v. Toste,* 198 Conn. 573, 504 A.2d 1036 (1982). Toste filed a petition under 28 U.S. C. § 2254 for a writ of *habeas corpus.* He appeals from Judge Cabranes's order of December 31, 1987 denying that petition.

We affirm the order for the reasons stated in Judge Cabranes's thorough opinion. *Toste v. Lopes,* 701 F.Supp. 306 (D.Conn. 1987). The validity of a waiver is a matter for independent federal determination. *Brewer v. Williams,* 430 U.S. 387, 403–04, 97 S.Ct. 1232, 1241–42, 51 L.Ed.2d 424 (1977); *see also Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) (voluntariness of a confession a matter for independent federal review).

Despite his low intelligence level, Toste validly waived his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He was advised of his *Miranda* rights immediately after his arrest. *State v. Toste,* 198 Conn. at 577, 504 A.2d 1036. After the warning, he orally indicated that he understood and signed a written form acknowledging that he comprehended his rights. *Id.* at 578, 504 A.2d 1036. At a second questioning session, Toste was again warned of his rights in the same explicit fashion. He again indicated that he understood and signed a statement acknowledging this. *Id.* at 578–79, 504 A.2d 1036.

While the psychological testimony could support a conclusion that Toste has a personality disorder, it does not indicate that he is unable to comprehend sufficiently the rights set forth in *Miranda.* A waiver of the right to remain silent is not invalid merely because a defendant is of limited mental capacity. *See United States v. Glover,* 596 F.2d 857 (9th Cir.1979); *see also Toliver v. Gathright,* 501 F.Supp. 148, 150 (E.D.VA.1980) (waiver of right to remain silent not invalid solely because defendant has less than average intelligence). Nothing in the record seriously questions Captain Fabrizi's testimony at trial that Toste was "streetwise," communicated relatively well and operated at about a sixth to seventh grade level. We agree with the district court that the preponderance of the facts in the instant case, as found by the Connecticut courts, demonstrate that Toste knowingly and intelligently waived his right to remain silent.

OAKES, Circuit Judge (dissenting):

A nineteen-year-old with a mental age of thirteen who had been in and out of institutions, including Willowbrook, from the age of seven to the time he committed the crime, and who had been diagnosed as having "frantic schizophreni[a]," is found competent to have waived his *Miranda* rights on the basis of non-expert testimony by the police officer who arrested him and took his statement. Since I do not believe it was sufficiently shown that Toste's waiver was "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986), I respectfully dissent.

Nor can I agree with the district court's harmless error analysis endorsed sub silentio by the panel majority. That analysis went only to the substantial evidence that Toste did in fact commit the crime. But Toste's defense was not that he did not commit the crime. Instead, it was that he was insane, i.e., as a result of mental disease or defect, he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of law. *See* Conn.Gen. Stat. § 53a–13 (1985). Statements taken

by the police were used on cross-examination of the defense's expert witness on mental health to undercut Toste's insanity defense: By showing that Toste planned the crime ahead of its commission, the statements tended to indicate his ability to control his impulses.

I would grant the writ unless the State retries Toste within sixty days but permit the State at a further suppression hearing to adduce expert testimony that he was sufficiently capable of understanding the *Miranda* warnings to waive them.