Bernard Tyrone WHITAKER,
Petitioner–Appellant,

v.

Larry R. MEACHUM, Commissioner of
Correction, Respondent–Appellee.

No. 1791, Docket 96–2760.

United States Court of Appeals,
Second Circuit.

Argued June 27, 1997.

Decided Sept. 5, 1997.

Joseph P. Williams, Shipman & Goodwin,
LLP, Hartford, CT, for Petitioner–Appellant.

James A. Killen, Assistant State's Attorney, Office of the Chief State's Attorney, State of Connecticut, Rocky Hill, CT, for Respondent–Appellee.

Before: MINER, McLAUGHLIN, and CABRANES, Circuit Judges.

PER CURIAM:

In this appeal from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge* ), Bernard Tyrone Whitaker ("Whitaker" or "petitioner") suggests that on federal collateral review of a state court conviction, the Government bears the burden of proving that, after having been read the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), petitioner voluntarily waived the rights of which he was advised. This argument is foreclosed by long-standing precedents establishing that the burden of proving a constitutional claim on federal habeas corpus review lies with the petitioner. We see no reason to depart from this settled rule, and we find that in this case petitioner failed to sustain his burden of proving that his constitutional rights were violated.

I.

■ The following facts are not in dispute. At about 7:30 p.m. on October 13, 1988, Marlin Williams was shot on Cedar Street in New Haven, Connecticut, and subsequently

died from his wounds. At the time of the shooting, two New Haven police officers were in the area responding to another call when they heard gunshots. The officers observed three individuals, including petitioner, running in the area, and they gave chase. During the chase, the officers saw petitioner throw a gun under a parked car. He was apprehended, but the other two individuals escaped. Petitioner, who was seventeen years old at the time of his arrest, was brought to the police station, where he was interrogated by Officer Joseph Pettola of the New Haven Police Department.[1]

Although various other officers entered and exited the conference room where petitioner was questioned, the questioning was conducted chiefly by Officer Pettola. At a pre-trial suppression hearing, Officer Pettola testified that before the questioning began, he gave petitioner a combined "rights card-waiver form," a standard form that explained petitioner's *Miranda* rights and asked petitioner whether he wished to waive those rights. Officer Pettola also testified that he read petitioner his rights directly from the form, and that he then went on to read through the waiver section of the form, line by line, asking petitioner after each line whether he understood and waived that right. According to Officer Pettola's testimony, petitioner answered "yes" each time.

Petitioner initially testified at the suppression hearing that he was not advised of his rights and that he had never been shown a rights card-waiver form. However, when the hearing resumed after a recess, he changed his testimony and testified that he was in fact shown the rights card-waiver form, but that it was not read to him and that he did not waive his rights. The parties do not dispute that petitioner refused to sign the waiver

card, that he declined to provide a written or tape-recorded statement, and that Officer Pettola was the only witness to the alleged waiver.

Faced with petitioner's inconsistent testimony, the state trial court expressly credited the testimony of Officer Pettola as to what took place at the interrogation, and went on to find that petitioner had been read his rights and had knowingly, intelligently, and voluntarily waived them. The Connecticut Supreme Court affirmed the trial court's ruling. *See State v. Whitaker*, 215 Conn. 739, 578 A.2d 1031 (1990). In a subsequent federal habeas proceeding, on March 13, 1996, a Recommended Ruling on Cross–Motions for Summary Judgment was submitted to Judge Nevas by Magistrate Judge Thomas P. Smith, concluding that the factual findings of the Connecticut state courts as to the relative credibility of Officer Pettola's and petitioner's testimony were supported by the evidence and must therefore be accepted by the district court on collateral review. The magistrate judge further concluded that petitioner failed to meet his burden on federal collateral review of proving a violation of his constitutional rights, and therefore recommended granting respondent's cross-motion for summary judgment. On August 26, 1996, Judge Nevas entered a Ruling on Objections to Recommended Ruling ratifying and adopting the magistrate judge's recommended ruling in its entirety, but declining to adopt the magistrate judge's recommendation to deny a certificate of probable cause to proceed with an appeal. This appeal followed.

## II.

We review a district court's grant of summary judgment *de novo*.[2] *See Kulak v. City*

---

1. We adopt the following facts concerning the interrogation of petitioner by police, as found by the Superior Court and the Supreme Court of Connecticut, because they are fairly supported by the record as a whole. A state court's findings of fact are entitled to a "presumption of correctness" on federal collateral review unless those findings are not "fairly supported by the record" as a whole, or unless one of the other exceptions specified by Congress under 28 U.S.C. § 2254(d) applies. *See Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981); *Ven-*

*tura v. Meachum*, 957 F.2d 1048, 1054 (2d Cir. 1992). Such deference is owed "to implied as well as express findings of fact," *Ventura*, 957 F.2d at 1055 (citing *Marshall v. Lonberger*, 459 U.S. 422, 433–34, 103 S.Ct. 843, 850–51, 74 L.Ed.2d 646 (1983)), whether by a state trial court or by a state appellate court, *see Sumner*, 449 U.S. at 546–47, 101 S.Ct. at 768–69.

2. A district court ruling upon a petition for the writ of habeas corpus may hear motions for summary judgment, as in civil litigation. The

*of New York,* 88 F.3d 63, 71 (2d Cir.1996). We will affirm where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

At issue in these cross-motions for summary judgment is whether petitioner knowingly, intelligently, and voluntarily waived his *Miranda* rights. "The validity of a waiver is a matter for independent federal determination." *Toste v. Lopes,* 861 F.2d 782, 783 (2d Cir.1988). It is well-settled that on federal collateral review, the petitioner bears the burden of proving that his constitutional rights were violated. *See Walker v. Johnston,* 312 U.S. 275, 286, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941) (petitioner has the burden of "sustaining his allegations by a preponderance of evidence" on collateral review); *Johnson v. Zerbst,* 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938) ("Where a defendant, without Counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus,* the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel."); *Polizzi v. United States,* 926 F.2d 1311, 1321 (2d Cir.1991) ("petitioner generally bears the burden of proof throughout the habeas proceeding") (internal quotation marks omitted); *Wolfrath v. LaVallee,* 576 F.2d 965, 971 (2d Cir.1978) ("The burden of proving a constitutional claim on federal habeas corpus review lies with the petitioner."); *see also Boles v. Foltz,* 816 F.2d 1132, 1136 (6th Cir.1987) (burden of proving involuntariness of confession rests with petitioner on collateral review); *Martin v. Wainwright,*

770 F.2d 918, 925 (11th Cir.1985) (same); *Jurek v. Estelle,* 623 F.2d 929, 937 (5th Cir. 1980) (same).

■ Petitioner contends that the United States Supreme Court's decision in *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), somehow casts doubt upon the validity of the precedents noted above. On the contrary, we take this opportunity to clarify that *Miller* did nothing that would shift to the Government the burden of proving that petitioner's waiver was voluntary. In *Miller,* the Supreme Court held that on federal collateral review the "ultimate question" of whether a confession was obtained in an unconstitutional manner "is a matter for independent federal determination," while "subsidiary factual questions" resolved by the state courts are entitled to the presumption of correctness dictated by 28 U.S.C. § 2254(d). 474 U.S. at 112, 106 S.Ct. at 450. Although *Miller,* in conjunction with this Court's holding in *Toste,* requires us on collateral review to resolve independently the ultimate legal question of voluntariness of waiver, this in no way suggests that the Government bears the burden of proving whether a waiver was voluntary. Rather, the burden remains with the petitioner, but the determination of whether that burden has been met will be made by a federal court on the basis of its own independent review.

■ In this case the district court conducted an independent review and concluded that petitioner failed to satisfy his burden of proving that his constitutional rights were violated. Substantially for the reasons articulated by the district court, *see Whitaker v. Meachum,* No. 2:92CV689, 1996 WL 912158(D.Conn. Mar. 13, 1996), we agree that petitioner voluntarily, knowingly, and intelligently waived his *Miranda* rights and that his subsequent inculpatory statements to police were properly admitted into evidence.

### III.

We have considered all of petitioner's other claims, and we find them to be without

Rules Governing Section 2254 Cases in the United States District Courts establish that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." 28 U.S.C. § 2254 (Rule 11).

merit. Accordingly, the judgment of the district court granting summary judgment for respondent and denying the petition for a writ of habeas corpus is affirmed.